IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 07-cr-00172-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAMIAN TURNER,

    Defendant.

---

**ORDER DENYING DEFENDANT'S REQUEST FOR HABEAS RELIEF**

---

Defendant Damian Turner is in the custody of the United States Bureau of Prisons and currently is incarcerated at the Federal Correctional Institution at Greenville, Illinois. Initially, Defendant filed a *pro se* pleading titled, "Petitioner's 28 U.S.C. § 2241 for Habeas Corpus Relief Under a Claim of Actual Innocence" in the United States District Court for the Southern District of Illinois (Southern District of Illinois) and requested that the court vacate his conviction and sentence. On August 21, 2012, the Southern District of Illinois entered an order transferring the action to this Court, specifically to the sentencing court, because the Southern District of Illinois is without jurisdiction to determine the merits of Defendant's claims pursuant to *Dorsey v. United States*, 132 S. Ct. 2321 (2012), and to resentence Defendant if it is appropriate.

The Clerk of this Court processed the transferred action and opened a new § 2241 action. *See Turner v. Cross*, No. 12-cv-02247-LTB (D. Colo. Aug. 27, 2012).

Senior Judge Lewis T. Babcock, however, after reviewing the action, ordered Case No. 12-cv-02247 closed because Defendant's claims more properly are addressed in his criminal proceeding. This Court now has reviewed Defendant's request for habeas relief and finds as follows:

Defendant pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and fifty grams of cocaine base and aiding and abetting in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2. *See* Doc. # 1590. Defendant was sentenced to 140 months of incarceration. *Id.* Within a year after he was sentenced, Defendant filed a Motion for Reduction of Sentence and for the Appointment of Counsel. On October 26, 2011, the Office of the Federal Public Defender entered an appearance on Defendant's behalf and, along with the government, filed an unopposed 18 U.S.C. § 3582(c)(2) motion to reduce Defendant's sentence. The parties asserted that effective November 11, 2011, the sentencing range applicable to Defendant would be reduced by the Sentencing Commission and the reduction would result in a 120-month sentence for Defendant. On November 1, 2011, the Court granted the Motion for Reduction of Sentence and reduced Defendant's sentence to 120 months.

In his most recent filing, Defendant argues that he should be resentenced under the five-year mandatory minimum guidelines of the 2010 Fair Sentencing Act (FSA). He contends that his sentence should be reduced because (1) like the defendant in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), he committed the offense prior to and was

sentenced after the FSA's enactment; (2) his offense involved less than 280 grams; and (3) he is actually innocent of the 1986 Reform Act of a ten-year mandatory minimum sentence penalty.

First, Defendant's alleged violations of his constitutional rights properly are raised in a § 2255 motion in the sentencing court.  *See* 28 U.S.C. § 2255(a).  Defendant however concedes, and the Court agrees, that if the request for habeas relief is construed as a § 2255 the motion it is untimely under 28 U.S.C. § 2255(f) on its face. *See Kilgore v. Estep*, 519 F.3d 1084, 1089 (10th Cir. 2008); *Rubio-Diaz v. Milyard*, 272 F. App'x 656  (10th Cir. 2008).

The Court also recognizes that the Tenth Circuit has expressed concern about automatically treating a filing in a criminal case as a § 2255 motion when it is styled as something other than a § 2255 motion.  Once the pleading is construed as a § 2255 motion any subsequent § 2255 motion would be considered successive.  *See United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000).  Recharacterizing Defendant's pleading as a § 2255 Motion, however, is appropriate here because, as stated above, the motion is untimely and Defendant is not harmed by the recharacterization.  *See United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004).

Second, even if the Court were to consider the merits of Defendant's claims pursuant to § 2255, or to any other authorized postconviction remedy, the claims would be denied.  Defendant was convicted and sentenced under 21 U.S.C. § 841(a)(1), as amended by the FSA on August 3, 2010.  Section 841(b)(1)(A)(ii) provides for a

ten-year mandatory minimum sentence when, as here, five kilograms of cocaine or more are at issue. Given that the Court reduced Defendant's sentence from 140 to 120 months on October 26, 2011, as a result of the unopposed 18 U.S.C. § 3582(c)(2) motion, Defendant's current sentence is proper and in keeping with the FSA.

To the extent Defendant may be arguing that application of the statutory mandatory minimum sentence is a fundamental miscarriage of justice, Defendant must assert that he actually is innocent of the felony to which he pled guilty. *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (fundamental miscarriage of justice means only that the defendant is actually innocent of the offense). Defendant asserts that he is entitled to habeas corpus relief "under a claim of actual innocence of the 10 year mandatory minimum sentence penalty." Doc. # 1691 at 1. Because "[a] person cannot be actually innocent of a noncapital sentence," *see Reid v. Oklahoma*, 101 F.3d 628, 630 (10th Cir. 1996) (quoting *United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir. 1993)), Defendant's challenge to the statutory mandatory minimum sentence penalty does not "fall within the potential scope of the miscarriage of justice exception," *Reid*, 101 F.3d at 630.

The Court, therefore, finds no basis for relief pursuant to 28 U.S.C. § 2255. Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts state that a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial

showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In the present case, the Court concludes that Defendant has not made a substantial showing of the denial of a constitutional right. Therefore, the Court denies a certificate of appealability.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Defendant files a notice of appeal he must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that Defendant's 28 U.S.C. § 2241 request for habeas relief is construed as properly filed pursuant to 28 U.S.C. § 2255. It is

FURTHER ORDERED that the Clerk of the Court is directed to open a 28 U.S.C. § 2255 civil action in keeping with administrative procedures. It is

FURTHER ORDERED that the 28 U.S.C. § 2255 Motion, Doc. # 1691, is DENIED and the instant civil action is dismissed. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED.

DATED at Denver, Colorado, this   19th   day of November, 2012.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge